STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-21

SUPERIOR COURT   DONALD L. GARBRECH
                 LAW LIBRARY

SKS – KEN – 1 1/9 /2000 DEC 4 2000

IN RE: MONICA POLLARD

DECISION ON APPEAL

This matter comes on for appeal pursuant to M.R. Civ. P. 76D from a decision of the District Court ordering the involuntary hospitalization of appellant Monica Pollard at the Augusta Mental Health Institute (AMHI). The issues presented on appeal are whether the District Court improperly gave consideration to evidence that Pollard had fatally stabbed a man in Vermont and, if this was error, whether there remained sufficient evidence of record to support the court's hospitalization order by the necessary clear and convincing standard. 34-B M.R.S.A. § 3864(6). Finding no error, the court denies the appeal.

## Background

Appellant Pollard was involuntarily admitted to the AMHI on February 25, 2000, based on a showing that he was threatening to kill people and was acting psychotic. A hearing was held on March 15, 2000, but was continued at the request of the AMHI to gather more information concerning a suspected previous hospitalization in Vermont. The hearing was reconvened on March 22, 2000, at which time a K-Mart security guard testified that he observed Pollard in the cutlery section where he was flexing a knife and stating that he could "do some serious damage with this baby." Other testimony concerned observations that Pollard was very agitated, gesturing to things and people that did not exist, proclaiming that he

1

was Sun God, refusing medication, and otherwise acting delusional. Pollard also gave Dr. Sugarman, his AMHI treating psychiatrist, a 50-page manifesto in which he claimed to be the Sun God, having previously been Jesus Christ to which he ascribes the reason for killing a man in Vermont. The two psychologist evaluators concurred with Dr. Sugarman's views concerning Pollard's menacing behavior and ventured the unanimous expert opinion that Pollard required continued hospitalization for his schizophrenia.

In the interval between the two hearings, it was learned that Pollard indeed had pled guilty to second degree murder after fatally stabbing a man in a department store in St. Albans, Vermont, on July 9, 1985. However, it was also learned that this plea and guilty finding had been reversed by the Supreme Court of Vermont. *State v. Pollard*, 657 A.2d 185 (Vt. 1995). The Vermont reversal was based upon the court's findings that they could not conclude that Pollard had waived his right to counsel at sentencing either competently and intelligently or with full awareness of the consequences of that waiver. Information of this conviction following plea and subsequent reversal was made available to the hearing court.

### Discussion

Pollard's sole argument is that the hearing court erred in considering to any extent his previous plea and conviction in Vermont because of the fact that it had been reversed by the Vermont Supreme Court. Pollard's consideration of Rule 410 is misplaced, since that rule concerns only evidence of pleas which are subsequently withdrawn rather than those that are reversed. While it is true that this prior

2

conviction could not be introduced pursuant to Rule 609 to impeach Pollard's testimony as a witness, it is not clear that this rule or any other rule of evidence would forbid the use of findings made during a plea or trial to corroborate more recent statements. In the present case, the hearing court was quite aware of the issue concerning the appropriate use of information related to the reversed Vermont conviction. In the end, the court used this information solely to corroborate Pollard's own statements to the examiners and in his manifesto concerning the stabbing. The court concludes that this limited use of the information was not error.

Even if the court had erred in its limited consideration of the Vermont information, this error would not cause reversal of its decision. The record contains substantial evidence aside from this, including the unanimous opinions of all of the medical health experts, to support the court's findings concerning mental illness and the likelihood of danger to others.

For both reasons stated above, the entry will be:

Appeal DENIED.

Dated: November _8_, 2000

_____
S. Kirk Studstrup
Justice, Superior Court

3